+IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY**<br>**AND ETHICS IN WASHINGTON,**<br>455 Massachusetts Ave., N.W.<br>Washington, D.C.  20001<br><br>Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C.  20530<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive,

declaratory, and other appropriate relief.  Plaintiff Citizens for Responsibility and Ethics in

Washington ("CREW") challenges the failure of the U.S. Department of Justice ("DOJ") to

respond to its request for expedition of its FOIA request seeking communications concerning

DOJ's decision to invite reporters to DOJ on December 12, 2017, to share with them private text

messages from two former FBI investigators on Special Counsel Robert Mueller's team that are

part of an ongoing investigation by DOJ's Office of the Inspector General.

2.      This case seeks declaratory relief that DOJ is in violation of the FOIA, 5 U.S.C. §

552(a)(6)(E)(i), for failing to respond to CREW's request for expedition and for injunctive relief

ordering defendant DOJ to grant the expedition request and to process and release to CREW

immediately the requested records in their entirety.

## Jurisdiction and Venue

3.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i).  The Court

also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.  Venue

lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4.      Plaintiff CREW is a non-profit, non-partisan organization organized under section

501(c)(3) of the Internal Revenue Code.  CREW is committed to protecting the rights of citizens

to be informed about the activities of government officials and agencies, and to ensuring the

integrity of government officials and agencies.  CREW seeks to empower citizens to have an

influential voice in government decisions and in the government decision-making process

through the dissemination of information about public officials and their actions.  To advance its

mission, CREW uses a combination of research, litigation, and advocacy.  As part of its research,

CREW uses government records made available to it under the FOIA.

5.      Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5

U.S.C. § 701.  Defendant has possession and control of the requested records and is responsible

for fulfilling plaintiff's FOIA request.

## Statutory and Regulatory Background

6.      The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release

requested records to the public unless one or more specific statutory exemptions apply.

7.      An agency must respond to a party making a FOIA request within 20 working

days, notifying that party of at least the agency's determination of which of the requested records

it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).

8.      The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as "other cases determined by the agency."  5 U.S.C. § 552(a)(6)(E)(i).  The FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity."  *Id.* at § 552(a)(6)(E)(v)(II).

9.      Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request."  5 U.S.C. § 552(a)(6)(E)(ii)(I); 28 C.F.R. § 16.5(e)(4).  DOJ regulations provide that requests for expedition based on a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence must be submitted to the Director of Public Affairs at DOJ's Office of Public Affairs.  28 C.F.R. § 16.5(e)(2).

10.     An agency's failure to respond within 10 calendar days to a request for expedition is subject to judicial review without exhausting administrative remedies.  5 U.S.C. § 552(a)(6)(E)(iii).

11.     Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the record before the agency at the time of the determination."  5 U.S.C. § 552(a)(6)(E)(iii).

## Factual Background

12.     On December 12, 2017, in advance of Deputy Attorney General Rod J. Rosenstein's testimony the following morning before the House Judiciary Committee, DOJ took

the unprecedented step of inviting a group of reporters to its offices to view private text messages

that were critical of President Donald Trump and sent during the 2016 presidential campaign by

two former FBI investigators who, until shortly before then, had served on Special Counsel

Robert Mueller's team.  According to a source for one of the news reports on this matter, the

texts were given to reporters in case they did not leak in time for Deputy Attorney General

Rosenstein's public hearing the following morning.

13.     Deputy Attorney General Rosenstein acknowledged during his congressional

testimony on December 13 that there had been a decision that the texts "were fit for public

consumption," and that the inspector general had been consulted "to determine that he had no

objection to releasing the material."

14.     Following this testimony, on December 13, 2017, CREW sent a FOIA request by

facsimile to DOJ's Office of Information Policy ("OIP") requesting all communications

concerning the decision to invite reporters to DOJ on December 12, 2017, for the purpose of

sharing with them private text messages sent during the 2016 presidential campaign by two

former FBI investigators on Special Counsel Robert Mueller's team.  CREW's request specified

that it included, but was not limited to:  (1) communications with reporters regarding this

meeting; (2) communications within DOJ about whether, when, and how to share the text

messages with reporters including, *inter alia*, the Office of the Inspector General, the Attorney

General, the Office of Legislative Affairs, the Deputy Attorney General, the Associate Attorney

General, the Office of Public Affairs, and any individual within the senior leadership offices of

DOJ; and (3) communications with any member of Congress and/or their staff regarding this

matter ("OIP FOIA request").  CREW further requested documents reflecting who made the

decision to release this material to reporters on the evening of December 12, 2017.

4

15.    The coversheet accompanying CREW's OIP FOIA request indicates the request was successfully transmitted by facsimile.

16.    CREW sought expedition of its OIP FOIA request because the subject matter is of widespread and exceptional media interest and the requested information involves possible questions of the government's integrity that affect public confidence.  Pursuant to DOJ regulations, CREW submitted its expedition request by facsimile on December 13, 2017, to Sarah Isgur Flores, Director of DOJ's Office of Public Affairs.

17.    In its request for expedition, CREW explained that given the highly unusual, if not unprecedented, action to secretly leak the contents of documents currently under review by DOJ's inspector general, the public has a clear and pressing interest in learning whether the leak was properly authorized and the extent to which the interests of the texts' authors were appropriately considered and protected.  Only through the full disclosure of the facts and circumstances surrounding this decision can the public have confidence in the actions and integrity of the Justice Department.  CREW also explained that the subject matter of its request is of widespread and exceptional media interest, pointing to the extensive news coverage about the texts of the two former FBI officials.  Finally, CREW explained its primary purpose is to inform the public about the activities of government officials and those who influence public officials. As DOJ regulations require, CREW certified its statements in support of its request for expedition are true and correct.

18.    The coversheet accompanying CREW's request for expedition sent to DOJ's Office of Public Affairs indicates the request was successfully transmitted by facsimile.

19.    In four separate emails sent on December 18, 2017, OIP acknowledged receipt of CREW's OIP FOIA request and assigned it four separate tracking numbers.  OIP's emails erroneously identified the request as having been submitted to DOJ's FOIAonline application.

20.    On December 13, 2017, CREW submitted by email another FOIA request to DOJ's Office of the Inspector General ("OIG"), seeking the same documents requested in CREW's OIP FOIA request.  CREW also sought expedition using the December 13, 2017 letter to DOJ's Office of Public Affairs to justify expediting both the OIP and OIG FOIA requests.

21.    By letter dated December 15, 2017, and sent by email, the OIG provided a partial response to CREW's request, consisting of a three-page letter sent that day from DOJ's Inspector General Michael E. Horowitz to House Judicial Committee Ranking Member Jarrold Nadler, Vice Ranking Member Jamie Raskin, and Rep. Hakeem Jeffries responding to two questions. Those responses included the statement that DOJ "did not consult with the OIG in order to determine whether releasing the text messages met applicable ethical and legal standards before providing them to Congress."  The inspector general also wrote that "[t]he Department did not consult with the OIG before sharing the text messages with the press."

22.    The OIG also indicated to CREW it would continue to review records responsive to CREW's request and process the request as expeditiously as possible.

23.    By letter dated December 22, 2017, OIP responded to CREW's OIP FOIA request on behalf of the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Public Affairs, and Legislative Affairs.  OIP acknowledged receiving the request on December 13, 2017.  OIP further advised CREW that it had directed CREW's request for expedition to the Director of Public Affairs, where the expedition request "is still pending."

24.     To date, DOJ's Office of Public Affairs has not acted on CREW's request for expedition, which CREW submitted to that office on December 13, 2017, despite the FOIA's requirement that agencies make a determination whether to grant a request for expedition within ten calendar days of its receipt.  Nor has OIP made a determination on CREW's FOIA request.

25.     CREW has now exhausted all applicable administrative remedies with respect to its request for expedition.

## PLAINTIF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Grant Expedition)

26.     Plaintiff repeats and re-alleges paragraphs 1-25.

27.     Plaintiff properly asked that the Department of Justice expedite the processing of plaintiff's OIP FOIA request, which sought agency records within the custody and control of the Department of Justice, demonstrating widespread and exceptional media interest in the requested information, which involves possible questions of the government's integrity that affect public confidence.

28.     Defendant Department of Justice failed to comply with the statutory time limit for making a determination on expedited FOIA requests, and failed to grant CREW's request for expedition.

29.     Plaintiff has exhausted all applicable administrative remedies with respect to defendant's failure to make a determination on plaintiff's request for expedition.

30.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate and expedited processing and disclosure of the requested records.

**Requested Relief**

WHEREFORE, plaintiff respectfully requests that this Court:

(1)     Order defendant Department of Justice to immediately and fully process

plaintiff's December 13, 2017 expedited OIP FOIA request and disclose all non-exempt

documents immediately to plaintiff;

(2)     Issue a declaration that plaintiff is entitled to immediate processing and disclosure

of the requested records;

(3)     Provide for expeditious proceedings in this action;

(4)     Retain jurisdiction of this action to ensure no agency records are wrongfully

withheld;

(5)     Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6)     Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
    in Washington
455 Massachusetts Ave., N.W.
Washington, D.C.  20001
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated:  January 3, 2018                    *Attorneys for Plaintiff*