## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 1:18-cv-00007-TSC |
| | : | |
| UNITED STATES DEPARTMENT OF JUSTICE | : | |
| | : | |
| | : | |
| Defendant. | : | |

## JOINT STATUS REPORT

In accordance with the Court's April 2, 2018 order, the parties respectfully submit the following status report.

This matter arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. On December 13, 2017, Plaintiff submitted FOIA requests to the U.S. Department of Justice's (DOJ) Office of Information Policy (OIP) and Office of the Inspector General (OIG), seeking "all communications concerning the decision to invite reporters to DOJ on December 12, 2017, for the purpose of sharing private text messages sent during the 2016 presidential campaign by two former FBI investigators on Special Counsel Robert Mueller's team." ECF No. 1 ¶ 14; *see also id. ¶* 20.

The parties submitted a joint status report on March 6, 2018. ECF No. 8. Defendants proposed that OIP would complete a search and initial responsiveness review of potentially responsive records by March 26, 2018, and that the parties would submit a joint status report by April 2, 2018, informing the Court of OIP's number of responsive records, an anticipated final response date, and an update on OIG's production. *Id.* OIP further committed to begin making approximately monthly rolling productions of any responsive, nonexempt records subject to FOIA, should such records be located, to Plaintiff, beginning on April 30, 2018. *Id.*

Plaintiff proposed that Defendants complete their processing and release responsive, nonexempt records subject to FOIA by March 20, 2018. ECF No. 8-1.

On April 2, 2018, the Court ordered the parties to file a joint status report and proposed order by noon on April 9, 2018.

OIG has completed its search for responsive records. OIG released one record to Plaintiff consisting of three pages, sent ten pages of records to OIP for consultation, identified 25 pages of e-mail duplicates, and withheld six pages of emails. OIG is still awaiting a final determination from OIP on the records it sent to OIP for consultation. OIG anticipates making a final determination on those emails, and notifying Plaintiff of that decision, by the end of this week.

OIP has completed a search and preliminary responsiveness review of potentially responsive records. To date, OIP has identified 411 pages of records believed to be responsive to Plaintiff's request after this preliminary review. At this point, OIP will continue to review of these records and confirm that they are or are not responsive, process any responsive records for release under FOIA, consult with any other components/agencies determined to have equities in the records, undertake any appropriate redactions, and produce any responsive, non-exempt records subject to FOIA.

The parties advise the Court that they are unable to agree at this juncture on a reasonable rate of processing the 411 pages to be processed by OIP. As such, the parties separately state as follows:

<u>Defendants' Position</u>

OIP proposes that it complete processing Plaintiff's request by July 30, 2018, approximately three months after beginning production in response to Plaintiff's FOIA request on April 30, 2018. OIP will continue producing any responsive, non-exempt records subject to FOIA

on a rolling, monthly basis.

OIP's proposed schedule provides sufficient time to undertake a necessarily careful review of the 411 pages of records for the applicability of any FOIA exemptions, as opposed to Plaintiff's proposed schedule of 14 business days from the date of the Court's status conference to complete processing, consultation, and release of any non-exempt, responsive records. "In enacting the FOIA, Congress sought to balance the public's interest in governmental transparency against 'legitimate governmental and private interests that could be harmed by release of certain types of information.'" *United Techs. Corp. v. U.S. Dep't of Defense*, 601 F.3d 557, 559 (D.C. Cir. 2010) (quoting *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc)). To maintain this balance, Defendants have a "responsibility" when processing FOIA requests to "safeguard[] potentially sensitive information." *Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 14 (D.D.C. 2015). Releasing records without sufficient time for processing "raises a significant risk of harm to the public and private interests served by the thorough processing of responsive agency records prior to their ultimate production," particularly through "inadvertent disclosure of records properly subject to exemption under FOIA." *Id.* at 15.

OIP's proposed schedule is also reasonable in light of the consultation it anticipates having to undertake with multiple agencies and/or agency components that have an interest in the records. DOJ regulations provide for consultation in such instances, *see* 28 C.F.R. § 16.4(d)(1) (2017), and OIP anticipates having to consult with at least six agency components that have equities in the potentially responsive records. Such consultation necessarily take time, as the other agencies or components have their own workload to manage in the meantime, and OIP cannot guarantee a date by which each agency or component will complete its consultation.

Finally, OIP's proposed schedule is reasonable in light of its heavy FOIA caseload, which

has dramatically increased over the past two years. OIP received about 1,800 FOIA requests in Fiscal Year 2016 and about 2,800 FOIA requests in Fiscal Year 2017.  As of April 4, 2018, OIP has received more than 1,400 requests for this fiscal year, which puts OIP on pace to have another fiscal year with significantly more incoming requests than its historical average of about 1,200 per fiscal year, and has 153 pending FOIA requests ahead of Plaintiff's request in the expedited track. Additionally, OIP is currently engaged in 76 ongoing FOIA litigation matters—nearly twice as many ongoing FOIA litigation matters as last year at this time. Many of the FOIA litigation matters involve upcoming document production schedules and court-ordered deadlines.

Because of this significant surge in both FOIA requests and litigation matters, as well as the dramatic increase of requests which have qualified for placement into the expedited processing track, OIP is under significant strain as its FOIA processing staff, which currently consists of nine employees, struggle to keep up with this notably increased workload.

If the Court imposes an unduly burdensome production schedule concerning this request, OIP would potentially be forced to reallocate resources in a way that would deprive other FOIA requesters the timely production of their documents. *See Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 15 (D.D.C. 2015) ("[T]he plaintiff's effort to accelerate review of its requests necessarily will displace in processing priority those of third parties who submitted equally urgent requests before the plaintiff.").

Plaintiff's assertion that OIP has provided Plaintiff with "inflated estimates of the number of potentially responsive records" is unwarranted. Rather than providing inflated estimates, OIP has been diligently working on Plaintiff's request since the parties have been engaged in discussion, has made significant process in cutting down the number of *potentially* responsive records its searches originally identified to those believed to be responsive to the request, and has

been reporting that progress to opposing counsel. OIP completed its search and initial review on March 26, 2018, and has been providing Plaintiff with good-faith estimates of the correct number of pages of potentially responsive records at all times. Indeed, the fact that OIP has reduced the number of records from 40,000 pages of potentially responsive records to 411 pages of responsive records to be reviewed for exemptions and other agencies' equities, over a mere two weeks, is a sign of the hard work OIP has put into this case, not any bad faith on its part.

Plaintiff's further assertion that its proposed schedule of 14 business days "is entirely practical" is unsupported. OIP has provided specific information explaining why its proposed schedule provides a response to Plaintiff's request as soon as practicable for OIP, in light of the further work OIP must undertake to complete its processing of Plaintiff's request and OIP's substantial other obligations under FOIA it must concurrently undertake. Plaintiff, on the other hand, provides insufficient explanation for why its request should be placed ahead of the preceding expedited requests pending before OIP. *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 15 F. Supp. 3d 32, 43 (D.D.C. 2014).

Plaintiff's Position

Defendant is requesting an additional four months (on top of the four that have already lapsed) to process 411 pages of records in response to an expedited FOIA request. That timetable is unreasonable and should be rejected by the Court. Despite the extremely narrow nature of Plaintiff's FOIA request to OIP,1 OIP has made no progress on processing its records in the

---

1 As Plaintiff explained in the parties' March 6, 2018 Joint Status Report, ECF No. 8, CREW's request focuses on three narrow categories of records: (1) communications with reporters regarding the December 12, 2017 meeting; (2) communications within named senior leadership offices about whether, when, and how to share the text messages with reporters; and (3) communications with any member of Congress and/or their staff regarding this matter. Contrary to Defendant's representation, CREW is not seeking "*any* records involving discussions leading

nearly four months that have passed since Plaintiff submitted its FOIA request on December 15,

2017. Instead, Defendant has provided Plaintiff with inflated estimates of the number of

potentially responsive records that only became more accurate in the face of expected scrutiny by

the Court, and continues to seek an unreasonable amount of time to process the records. Given

the discrete number of records that need to be processed, the amount of time that has already

lapsed since Plaintiff submitted its FOIA requests, and the expedited status granted to Plaintiff's

requests, Plaintiff proposes that the Court establish a deadline of May 2, 2018 (or three weeks

from the joint status conference on April 11, 2018) for OIP to complete processing.

Two weeks ago, Defendant estimated that 40,000 pages of records would need to be

reviewed for responsiveness and proposed completing production in late August 2018. Plaintiff

informed Defendant that 40,000 pages of records appeared extraordinarily large because the

request seeks only communications pertaining to a discrete decision by DOJ to release texts of

individuals under investigation. To help ensure that its request was being correctly interpreted,

Plaintiff requested more information about the identified records and offered to speak directly to

OIP. Plaintiff received no response on these issues until after the Court ordered an updated joint

status report and scheduled a status conference. Last week, Defendant conducted a secondary

screening that narrowed the number of pages to 5,500; however, Defendant informed Plaintiff

that that figure did not account for the parties' previous agreement to exclude press clippings

(approximately 4,600 pages) and congressional testimony (approximately 170 pages). Once

Defendant properly excluded those records, the volume of records actually at issue was further

reduced to 672 pages. Today, two-and-a-half hours before the parties' joint status report was due,

---

up to the decision, making the decision, and after the decision" as DOJ claims (*supra* at 3)
(emphasis added), but only communications.

Defendant again adjusted the number of records downward to 411 pages.

Plaintiff submits that Defendant's proposal, which would have OIP commence processing Plaintiff's request on April 30, 2018 and finish three months later in late July, is unreasonable and unsupportable under the applicable standards. The FOIA requires that expedited requests, such as Plaintiff's, be processed "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii), and courts have recognized a presumption that failure to process an expedited request within twenty days constitutes an unreasonable delay. *See, e.g.*, *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 39 (D.D.C. 2006) ("Therefore, the court concludes that an agency that violates the twenty-day deadline applicable to standard FOIA requests presumptively also fails to process an expedited request 'as soon as practicable.'"). The twenty-day mark has long since passed in this litigation, and Plaintiff believes an additional twenty days is more than sufficient for OIP to expeditiously process Plaintiff's request in fact, not just in name.

Defendant claims that it somehow needs nearly four months to process just 411 pages of records because it anticipates OIP having to consult with other agencies or agency components with an interest in the records. While Plaintiff appreciates that processing of records and consultation with agencies and components that have equities in the matter may take some time, it is entirely practical for that process to be completed in a matter of weeks, not months. In any event, Defendant has not even identified which agencies or agency components likely have equities in the records or even how many different offices it expects it will have to consult. OIP's vague anticipation that it might need to consult other offices—something that is surely true of many FOIA requests it receives—does not justify the four-month delay that it seeks. To the extent that Defendant contemplates a political level review of potentially embarrassing information that might cast the agency in a negative light, it is a misuse of the FOIA process.

Defendant proffers that OIP has a heavy caseload and is involved in 76 ongoing FOIA litigation matters, but without knowing how CREW's request compares in size and complexity to those other requests, the statistics offer no true basis for comparison. Indeed, Defendant's admission that many of these matters involve upcoming document production schedules and court-ordered deadlines supports Plaintiff's fundamental point: without a Court-imposed deadline, Plaintiff will experience substantial delays.

The delays that Plaintiff has experienced with OIP stand in sharp contrast to the expediency with which OIG processed Plaintiff's identically worded FOIA. OIG provided Plaintiff with a partial response to that FOIA the same day that Plaintiff filed its FOIA, followed up with two further responses in February, and completed its search in March. In fact, the only reason why processing of Plaintiff's OIG FOIA request is not complete is that ten pages of records have been waiting OIP's consultation since the parties first joint status update nearly five weeks ago. Plaintiff submits that OIP's role in delaying processing Plaintiff's OIG also counsels in favor of a court-imposed deadline for processing of Plaintiff's OIP FOIA.

Because of the lengthy delays that Plaintiff has already endured, the fact that only 411 pages of records need to be processed by OIP, and the presumption that expedited processing should take no more than twenty days, CREW submits that the Court should direct OIP to complete its processing of all responsive records and release to CREW those portions not subject to an exemption by May 2, 2018.

Dated: April 9, 2018

*/s/ Conor M. Shaw*_____
Conor M. Shaw
D.C. Bar No. 1032074
Adam J. Rappaport
D.C. Bar No. 479866
Citizens for Responsibility and Ethics in
Washington
455 Massachusetts Ave., N.W.
Washington, DC 20001
(202) 408-5565
cshaw@citizensforethics.org

*Counsel for Plaintiff*

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ Vinita B. Andrapalliyal
VINITA B. ANDRAPALLIYAL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20001
Telephone:  (202) 305-0845
Facsimile:  (202) 616-8470
Vinita.b.andrapalliyal@usdoj.gov

*Counsel for Defendants*